George A. Hopkins *vs.* George A. Sawyer, and others.

Washington.    Opinion March 2, 1892.

*Jury.    Verdict.    Practice.*

It is not an objection to the validity of a verdict that it was agreed to an hour and more after the time designated by the judge to the officer in charge for the jury to separate if not then agreed, the jury desiring to prolong their consultation beyond the time assigned, and the officer acquiescing in their wishes.

*A fortiori* is the verdict valid if the judge ratifies the authority of the officer by accepting the verdict.

On exceptions.

The case is stated in the opinion.

*H. M. Heath, Gray and McNichol*, with him, for plaintiff.

At the hour fixed by the court, the authority of the jury to consider the case had ceased. *Richards* v. *Page*, 81 Maine, 563. If unlawfully held, it is not necessary for the plaintiff to show injury. *Bradbury* v. *Cony*, 62 Maine, 223 ; *State* v. *Fenlason*, 78 Maine, p. 503. The order of the judge to the officer was, to keep the jury out until one o'clock ; then if they did not agree, to let them out. Such an order enforces itself, and when one o'clock arrived the jury were discharged from consideration of the case. A minority, at least, of the jury was illegally restrained from its liberty by an unauthorized act of the officer. This was not a legal trial by jury.

*Baker, Baker and Cornish*, for defendants.

Peters, C. J.   The jury having been sent out in the evening, the judge, after waiting some time without their return, proclaimed a recess of the court until the next morning, instructing the officer, in charge of the jurors, to allow them to separate at one o'clock at night if at that hour they had not agreed upon a verdict. The circumstance of the lights going out in the court house and jury room prevented the officer from executing the order of the judge until about half after one o'clock, when, on informing the jury that they could separate, the answer came that "they wanted to agree," whereupon they remained in their

room with the acquiescence of the officer until between two and three o'clock when, having agreed upon and sealed up a verdict, they separated.

At the opening of the court in the morning the verdict, in favor of the defendant, before it was read, was objected to by the plaintiff upon the ground that any verdict agreed upon after the hour appointed for the jury to separate would be without authority and void. The judge against such objection allowed the verdict to be read and affirmed.

Upon two grounds we think the verdict should stand. In the first place, such an order as that given to the officer need not be so rigidly adhered to as to admit of no qualification whatever. The judge could not anticipate the circumstances that occurred. The very nature of the order implied that the jury were not to be discharged if they were likely to agree or desired to make further effort at agreement. It is the better practice to require an officer, before discharging a jury, to enquire of them whether there is a reasonable prospect of an agreement if kept longer together, and to heed their wishes in that respect. The judge can, however, make his order peremptory and unconditional if he chooses to do so.

The other ground upon which the verdict should stand is that the act of the officer, in allowing the jury to remain out beyond the appointed hour, was accepted and approved by the judge upon full information of all the circumstances, thus establishing a ratification of the authority exercised by the officer.

*Exceptions overruled.*

VIRGIN, LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.